1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9

RANDAL ANDERSEN, ET AL.

10
                  **Plaintiffs,**         **Civil Action No.**

11
                                 **COMPLAINT**

12
       **v.**

13

DHL Retirement Pension Plan,

14
DPWN Holdings (USA), Inc., and the DHL
Retirement Pension Plan Committee, a/k/a

15
the Employee Benefits Pension Plan
Committee of DPWN Holdings (USA), Inc.,

16

17
Defendants.

18

19
       Plaintiffs **RANDAL ANDERSEN and the other mass action plaintiffs listed in Exhibit**

20
**"A" attached hereto (hereinafter "Plaintiffs"),** by and through their counsel, The Catapano-

21
Friedman Law Firm and The Law Offices of Michael Withey, allege as their complaint the

22
following:

23

24

25

26

COMPLAINT
                                       LAW OFFICES OF MICHAEL WITHEY

27
                                       601 Union Street, Suite 4200
Seattle, Washington 98101

28
                                       206-405-1800

1.    Plaintiffs bring this lawsuit against Defendants DPWN Holdings (USA), Inc (Hereinafter referred to as "DHL"), DHL Retirement Pension Plan (hereinafter the "DHL Pension Plan"), and the DHL Retirement Pension Plan Committee, a/k/a the Employee Benefits Pension Plan Committee of DPWN Holdings (USA), Inc. (hereinafter the "Pension Plan Committee"), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), including the anti-cutback rule under 29 U.S.C. § 1054(g) and 26 U.S.C. § 411(d)(6) and their accompanying federal regulations.

2.    One or more of the Plaintiffs may have entered into a legally binding and enforceable agreement releasing DHL from suit in connection with their causes of action set forth in this Complaint, and, to the extent any one of the Plaintiffs has entered into such an agreement with DHL or its predecessor in interest, that Plaintiff is not included as a Plaintiff in this case to the limited extent that the Complaint sets forth causes of action against DHL as a defendant.

3.    Plaintiffs are former Airborne Express, Inc. employees who accrued fully vested retirement Income benefits under the Airborne Express Retirement Income Plan (the "Airborne Pension Plan"), which became sponsored on information and belief by DHL Holdings (USA), Inc. (now known as Defendant DPWN Holdings (USA), Inc.) or an affiliated company thereof (into which their former employer Airborne Express, Inc. was merged or by whom it was acquired) (hereinafter collectively referred to as "DHL").

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

2

1    4.    While employed by DHL and its predecessor in interest Airborne Express, Inc.,

2  Plaintiffs participated in and were fully vested in the Airborne Pension Plan.

3    5.    Effective on or before December 31, 2006 the Airborne Pension Plan was merged

4  into and became a part of Defendant DHL Pension Plan.

5

6    6.    Plaintiffs are or were thus participants in this defined benefit pension plan entitled

7  the DHL Pension Plan, previously also known as the Airborne Pension Plan, sponsored by DPWN

8  Holdings (USA), Inc., and administered by Defendant the DHL Retirement Pension Plan

9  Committee.

10

11    7.    Plaintiffs bring this suit to redress violations of ERISA under Section 502(c)(1) (29

12  U.S.C. 1132(c)(1)), ERISA Section 104 (29 U.S.C. 1024), ERISA Section 502(a) (3) (29 U.S.C.

13  1132(a)(3)), ERISA Section 503 (29 U.S.C. 1133) and ERISA Section 502© (29 U.S.C. 1132©),

14  and, in the case of those Plaintiffs who have already applied for their DHL Pension Plan benefits to

15  appeal under ERISA Section 502(a) (1) (29 U.S.C. 1132(a)) the partial or full denial of their benefits

16  under the DHL Pension Plan, to enforce Plaintiffs' rights under the terms of the DHL Pension Plan,

17  and to clarify Plaintiffs's rights to past and future benefits under the terms of the DHL Pension Plan.

18

19    8.    Defendant Pension Plan Committee, as plan administrator, is an ERISA fiduciary

20  under 29 U.S.C. § 1002(21)(A) (Section 3(21)(A) of ERISA).

21

22    9.    The DHL Pension Plan (and its predecessor, the Airborne Pension Plan) is a defined

23

24

25

26

27  COMPLAINT

28

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

benefit pension plan under ERISA and is responsible for making the additional pension plan payments to Plaintiffs that Plaintiffs claim in this lawsuit.

10.     Defendant DPWN Holdings (USA), Inc. is the corporate sponsor of the DHL Pension Plan that adopted the illegal plan amendments challenged in this Complaint and which will have the responsibility under ERISA to provide the funding to the Defendant DHL Pension Plan needed to pay the additional pension benefits claimed in this Complaint by Plaintiffs.

11.     On and before the date Defendant DHL amended the Airborne Pension Plan to eliminate this distribution option retroactively to adversely affect and illegally reduce Plaintiffs' already earned and fully vested pension benefits, the Airborne Pension Plan contained various monthly annuity distribution options available to Plaintiffs, one or more of which would have provided them with a full unreduced pension.

12.     On and before the date Defendant DHL put into effect this illegal plan amendment, Plaintiffs had become fully vested in their benefits under the Airborne Pension Plan and in the annuity distribution optional form of benefit of a full unreduced pension under the Airborne Pension Plan.

13.     Plaintiffs bring this action in part because Defendant Pension Plan Committee, in exercise of its administrative and  fiduciary powers to make final administrative determinations under the DHL Pension Plan, has denied in final determinations some of Plaintiffs' and others'

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

claims to receive full unreduced monthly annuities from the DHL Pension Plan equal to the full monthly annuity previously set forth in the Airborne Pension Plan and any further application for such benefits by other Plaintiffs is either excused as futile or is premature in that many of the Plaintiffs are not ready to apply for and commence receipt of their DHL Pension Plan pensions.

14.     Defendant Pension Plan Committee's denial of participant claims for this previously available optional form of benefit is based on plan amendment(s) adopted by DHL that occurred after Plaintiffs had become fully vested in their claimed benefits under which they had a right to receive full unreduced monthly annuity pensions, which right was illegally eliminated by DHL, causing a severe reduction in the monthly annuity and total benefits now available to Plaintiffs under the current provisions of the DHL Pension Plan (into which the Airborne Pension Plan merged) .

## I. JURISDICTION AND VENUE

15.     Plaintiffs bring this action to recover benefits due them under the terms of the Airborne Pension Plan and the DHL Pension Plan and pursuant to the anti-cutback of accrued benefit provisions of ERISA and Section 502(a) of ERISA., 29 U.S.C. § 1054(g) , 26 U.S.C. § 411(d)(6), and 26 C.F.R. 1.411(d)-4, to enforce their rights under the terms of the Airborne Pension Plan and DHL Pension Plan, and to clarify their rights to past, present, and future benefits under the terms of the Airborne Pension Plan and DHL Pension Plan, pursuant to ERISA, 29 U.S.C. §1001, *et seq.*. Plaintiffs also bring this action for declaratory, injunctive, preliminary injunctive, equitable and

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

1   restitutionary relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) and the Declaratory

2   Judgment Act, 28 U.S.C. § 2201.

3       16.     This court has jurisdiction over this action under ERISA Sections 502(e) and 502(f),

4   29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331. Jurisdiction is also conferred on this Court by

5   Section 502(a)(1) and (3) and (e) of ERISA (29 U.S.C. Section 1132(a)(1) and (3) and (e)), without

6   respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f)

7   of ERISA (29 U.S.C. Section 1132(f)).

8       17.     Defendants (and their agents) do business affecting commerce, as defined by ERISA,

9   and are represented and have a substantial presence in the Western District of Washington in which

10  this complaint is brought and Defendants can be found in said district.

11      18.     Jurisdiction is conferred by the foregoing statutes without respect to the amount in

12  controversy.  However, the amount in controversy is estimated to be in excess of $10,000,000.00

13  United States dollars, based upon the benefits Plaintiffs claim in this lawsuit.

14      19.     Venue is established in this court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),

15  without respect to the amount in controversy and without regard to the citizenship of the parties.

16  This action is brought in the district where many of the Plaintiffs reside.  The breach also took place

17  in the Western District of Washington because it was the district where many of the Plaintiffs were

18  employed when they earned the pension benefits that were or are being denied to them and which

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

1   are the subject of this lawsuit, as well as the place of the residence of many of the Plaintiffs and,

2   where the economic impact of Defendants' conduct was and is felt.  This action is brought in the

3   district where the DHL Pension Plan is or was administered, where the breach took place, and/or

4   where the Defendants reside or may be found.

5

6   ## II.  PARTIES AND FACTS

7   20.    Plaintiffs are residents of a number of States in the United States.  Many of the

8   Plaintiffs reside in the State of Washington.  Plaintiffs are or were participants in the Airborne

9   Pension Plan and DHL Pension Plan (into which the Airborne Pension Plan merged) provided by

10  Defendants pursuant to ERISA and the plan documents and  SPDs under which Plaintiffs worked

11  and retired.

12  21.    Plaintiffs earned retirement benefits from DHL and/or its predecessor in interest

13  Airborne Express, Inc. under a tax qualified pension plan covered by ERISA–the Airborne Pension

14  Plan.  After Plaintiffs earned these benefits from DHL the Airborne Pension Plan was merged into

15  the Defendant DHL Pension Plan and became a part thereof.

16  22.    Under the provisions of the Airborne Pension Plan in effect at the time Plaintiffs

17  earned their Airborne Pension Plan benefits and as communicated to them in the applicable

18  Summary Plan Descriptions ("SPDs"), each of the Plaintiffs were entitled to elect  to receive as a

19  pension upon retirement a monthly annuity equal to the full amount without offset or reduction stated

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

7

1   in the Airborne Pension Plan benefit formula under a distribution option or options that Defendant

2   DHL illegally eliminated by plan amendment prior to when Plaintiffs could have made the election

3   to receive this full unreduced pension.

4

5   23.   Under the Airborne Pension Plan formula as it existed prior to the unlawful

6   amendment to the Airborne Pension Plan made by Defendant DHL that took effect as of on or about

7   December 31, 2004, each of the Plaintiffs had a fully vested entitlement to receive a monthly annuity

8   commencing at age 65 equal to the sum of (1) 2% of his or her Final Average Earnings multiplied

9   by his or her Years of Service under that plan up to a maximum of 25 Years of Service plus (2) .5%

10   of his or her Final Average Earnings for each Year of Service beyond 25 years (hereinafter referred

11   to also as the"Benefit Formula").   For this purpose, "Final Average Earnings" "is the sum of the

12   highest five consecutive calendar years of [a Plaintiff's] annual compensation during [his or her] last

13   ten years of employment divided by 60 (monthly amount)".   If a Plaintiff chose to receive his or her

14   monthly annuity prior to age 65 and on or after the earliest permitted retirement age under the

15   Airborne Pension Plan, he or she would receive this same amount reduced actuarially by an

16   expressed factor (a reduction of .5% per month the pension commences prior to age 65) in the plan

17   to reflect the longer payout period.   Also, an actuarial adjustment was made to the monthly annuity

18   to reflect the difference between receiving the annuity as a straight life annuity or as a joint and

19   survivor annuity with one's spouse, as is typical of any pension plan.

20

21

22

23

24

25

26

27   COMPLAINT

28

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

24.     Upon information and belief, DPWN Holdings (USA), Inc. is a corporation whose corporate headquarters is located at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324 and all Defendants are headquartered at this address.

25.     DHL Holdings (USA), Inc. ("DHL") changed its name to DPWN Holdings (USA), Inc. ("DPWN") effective January 1, 2007 for purposes of the DHL Pension Plan. Where "DHL" is listed in this complaint, it shall also refer to DPWN Holdings (USA), Inc. and DHL's predecessors, specifically Airborne Express, Inc.

26.     The relevant plan documents for the Airborne Pension Plan includes an Amendment to the Airborne Pension Plan adopted December 31, 2005 listing DHL Holdings (USA) as the Plan Sponsor for that plan.  The plan document for the Airborne Pension Plan dated in the year 2000 lists under Article XII **"Pension Plan Committee-NAMED FIDUCIARY AND ADMINISTRATOR"** that "The Pension Plan Committee for this Plan shall be the Pension Plan Committee appointed by the Employer . . . ." The Pension Plan Committee so appointed is currently the Employee Benefits Pension Plan Committee of DPWN Holdings (USA), Inc., (herein referred to as the  "Pension Plan Committee") which is the administrator and fiduciary of all relevant ERISA plans herein.

27.     At all times relevant to this lawsuit Defendants distributed retirement benefits under ERISA plans throughout Washington State and substantial pension benefits under the Defendant DHL Pension Plan were earned through employment in Washington State.

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

28.     Upon information and belief, during all pertinent times Defendant Pension Plan Committee were plan administrators of the DHL Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16)(A) & (B), and were fiduciaries of the DHL Pension Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21) and said Defendant exercised discretionary authority and discretionary control respecting the administration of the DHL Pension Plan, including the authority to make all plan interpretations and to make final administrative decisions on all claims for benefits.

29.     The 2002 and 2004 DHL Pension Plan document states under Article 12, "Fiduciary Responsibility" under a subsection entitled "Named Fiduciaries," that "The authority to control and manage the operation and administration of the Plan shall be allocated as provided in this Plan document among the Board, the Pension Plan Committee and the Trustee, all of whom are named fiduciaries under ERISA." It also states that the Pension Plan Committee has the authority to, "Determine Retirement, Termination and Death Benefits and the Actuarial Equivalent of optional forms of benefits . . . Construe the Plan and determine questions thereunder . . . Direct the Trustee with respect to its duties and investments . . . ."

30.     Article 13 of the 2002 and 2005 plan documents for the DHL Pension Plan states that the "Board shall appoint members of the Pension Plan Committee to manage and administer this Plan in accordance with the provisions hereof. . . ." Article 13 in the 2002 plan document gives the Pension Plan Committee, "the discretionary power to construe the Trust Agreement and to determine

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

all questions that shall arise hereunder" and gives the Pension Plan Committee the right to make decisions on Plan participants' benefits claims. Article 13 of the 2005 plan document gives the Pension Plan Committee "the full discretionary power to make all determinations under the Plan (including factual and legal determinations) and to interpret the Plan and any documents thereunder . . . ."

31.   A December 27, 2007 amendment to the DHL Pension Plan (Amendment No. 2) clarifies that DPWN Holdings (USA), Inc. is the successor to DHL Holdings (USA), Inc. and is the current plan sponsor.

32.   The Airborne Pension Plan and DHL Pension Plan are intended to be tax qualified pension plans within the meaning of ERISA, established and maintained by Defendant DHL for the purpose of providing pension benefits to former employees who meet certain age and service requirements, to their spouses and other eligible dependants, and to the surviving spouses of active or retired employees and other eligible dependants.

33.   The plan document for the Airborne Pension Plan dated in the year 2000 states under Article XI under "Mergers and Consolidations" that "In the case of any merger or consolidations with any other plan or a transfer of assets or liabilities to any other plan, each Participant shall be entitled to be credited with a benefit immediately after such merger, consolidation, or transfer, which is equal to the benefit to which the Participant would have been entitled immediately before such

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

11

merger or consolidation, if the Plan had then terminated."

34.     The Defendant Pension Plan Committee is and was the named fiduciary,  and administrator of the DHL Pension Plan during all time periods relevant to this action, as defined in Section 3(21)(A) of ERISA (29 U.S.C. Section 1002(21)(A)) and Section 3(16) of ERISA (29 U.S.C. Section 1002(16)).

35.     The DHL Pension Plan and the Airborne Pension Plan are pension plans within the meaning of Section 3(35) of ERISA (29 U.S.C. Section 1002(35)), and  employee benefit plans within the meaning of Section 3(3) of ERISA (29 U.S.C. Section 1002(3)) and as such are covered by the ERISA provisions under which this suit is brought.

36.     Some of the Plaintiffs have already applied for their pension benefits and were denied the opportunity to apply for the prior existing benefit option of receiving their full Airborne Pension Plan annuity as set forth in that plan's benefit formula, the Benefit Formula, and are now receiving, or have received, from the DHL Pension Plan benefits of far less value than the amount to which they were fully vested and to which they were entitled.

37.     Many of the Plaintiffs have not yet applied  for their Airborne Pension Plan benefits, but have learned about the unlawful reduction in their future pension benefits from Plaintiffs and/or others whose current pension benefits have already been unlawfully reduced or have learned that their future pension benefits will be substantially reduced because of an unlawful plan amendment

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

12

1    from other sources.

2    38.     Under the Airborne Pension Plan, a defined benefit plan, Plaintiffs were entitled to

3

4 a monthly annuity calculated under a fixed formula, the aforesaid Benefit Formula, expressed in

5 Paragraph 23 hereinabove. This monthly annuity could not be legally reduced and, Plaintiffs were

6 fully vested in the plan to receive this annuity prior to the time the plan was amended by Defendant

7 DHL to eliminate or reduce this benefit.

8

9    39.     Plaintiffs had available to them and had accrued an optional form of benefit which

10 allowed them to receive their entire Airborne Pension Plan monthly annuity from the Airborne

11 Pension Plan, or other successor plan, without a formulaic reduction other than of an actuarial

12 equivalent for any early commencement of benefits before the normal retirement age under the plan.

13

14    40.     Under no circumstances under the Airborne Pension Plan would plan participants

15 like Plaintiffs receive less than the pension calculated under the Airborne Pension Plan Benefit

16 Formula under the distribution option(s) that Defendant DHL illegally eliminated.

17

18    41.     Due to the elimination by plan amendment by Defendants of this aforesaid optional

19 form(s) of benefit, Plaintiffs' aggregate monthly annuity payments have been and/or will be severely

20 reduced in amount or eliminated.

21    42.     The elimination of Plaintiffs' option to receive a full Airborne Pension Plan monthly

22 annuity at the chosen date of commencement of Plaintiffs' receipt of benefits–an option in effect

23

24

25

26

27 COMPLAINT

28

                                     LAW OFFICES OF MICHAEL WITHEY
                                      601 Union Street, Suite 4200
                                      Seattle, Washington 98101
                                      206-405-1800

and which had been earned prior to the plan amendment eliminating this option–caused a reduction of their monthly annuity benefit which accrued before the plan amendment and which was based wholly on service prior to the change to the Airborne Pension Plan and/ or DHL Pension Plan.

**FIRST CAUSE OF ACTION**
**ERISA: Appeal of Denial of Benefits**
**Under 29 U.S.C. 1132 and 29 U.S.C. 1133**

43.     Plaintiffs repeat and reallege each and every allegation and fact in the foregoing paragraphs 1 through 42 above as if fully set forth and incorporated herein.

44.     Section 502(a) of ERISA, 29 U.S.C. § 1132(a), provides that: "A civil action may be brought–(1) by a participant or beneficiary–(A) for the relief provided in subsection © of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

45.     Plaintiffs are or were participants in the DHL Pension Plan as defined by ERISA, 29 U.S.C. § 1002 (7) and (8).

46.     Plaintiffs vested in their benefits under the DHL Pension Plan prior to the unlawful amendment of that plan by Defendant DHL in 2004.

47.     In contravention of these vested rights, Defendants have decided to improperly reduce and withhold benefits due to Plaintiffs upon their retirements.

48.     ERISA, 29 U.S.C. Sec. 1054(g) states ERISA's anti-cutback rule as follows:

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

14

"Decrease of accrued benefit through amendment of plan.
  (1) The accrued benefit of a participant under a plan may not be decreased by an amendment of the plan . . .
  (2) For purposes of paragraph (1), a plan amendment which has the effect of–
  ... (B) eliminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits. . . ."

The federal tax code portion of ERISA 26. U.S.C. Sec. 411(d)(6) states:

"Accrued benefit not to be decreased by amendment. (A) In general. A plan shall not be treated as satisfying the requirements of this section if the accrued benefit of a participant is decreased by an amendment of the plan . . .(B) Treatment of certain plan amendments. For purposes of subparagraph (A), a plan amendment which has the effect of–(I) eliminating or reducing an early retirement benefit or . . . (ii) eliminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits . . . ."

49. By plan amendment, DHL eliminated an optional form(s) of benefit under the Airborne Pension Plan and its successor plan the DHL Pension Plan with respect to Plaintiffs' benefits which were attributable to their pre-amendment service–all of which occurred before DHL amended these plans to eliminate the optional form(s) of benefit and unlawfully reduced the amount of benefit to which each Plaintiff is and was entitled. The optional form of benefit eliminated by DHL is Plaintiffs' right under the relevant plans to the full monthly annuity provided by the pension plan Benefit Formula without suffering a formulaic reduction in their Airborne Pension Plan monthly annuity other than to an actuarial equivalent amount for any early commencement of benefits prior to the normal retirement age under the Airborne Pension Plan or its successor Defendant DHL

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

Pension Plan.

50.     Under the ERISA anti-cutback rule, the elimination of Plaintiffs' optional form(s) of benefit and the reduction of the amount of Plaintiffs' pension benefits, which are both protected benefits under ERISA's anti-cutback rule and the applicable regulations issued under ERISA's anti-cutback rule, are treated as impermissible reductions of their accrued benefits under the plans.

51.     DHL violated ERISA's anti-cutback rule by reducing and/or eliminating Plaintiffs' monthly pension benefits and by elimination of this optional form(s) of benefit.

52.     Under 26 CFR 1.411(d)-4:

Q & A-1 (a)(3) "Optional forms of benefit described in Section 411(d)(6)(B)(ii). Such benefits, to the extent they have accrued, are subject to the protection . . . and cannot, therefore, be reduced, eliminated, or made subject to employer discretion . . . . (b) Optional forms of benefit–(1) In general. The term optional form of benefit has the same meaning as in Sec. 1.411(d)-3(g)(6)(ii). Under the definition, different optional forms of benefit exist if a distribution alternative is not payable on substantially the same terms as another distribution alternative. Thus, for example, different optional forms of benefit may result from differences in terms relating to the payment schedule, timing, commencement, medium of distribution (e.g., in cash or in kind), election rights, differences in eligibility requirements, or the portion of the benefit to which the distribution alternative applies."

Q & A-2 (a)(3)(i): "Plan mergers and benefit transfers. The prohibition against the reduction or elimination of section 411(d)(6) protected benefits already accrued applies to plan mergers, spinoffs, transfers, and transactions amending or having the effect of amending a plan or plans to transfer plan benefits. Thus, for example, if Plan A, a profit-sharing plan that provides for distribution of plan benefits in annual installments over ten or twenty years, is merged with plan B, a profit-sharing plan that provides for distribution of plan benefits in annual installments over life

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

expectancy at time of retirement, the merged plan must retain the ten or twenty year installment option for participants with respect to benefits already accrued under Plan A as of the merger and the installments over life expectancy for participants with benefits already accrued under Plan B."

Q & A-3 (a) "Transfers and similar transactions–(1) General rule. Section 411(d)(6) protected benefits may not be eliminated by reason of transfer or any transaction amending or having the effect of amending a plan or plans to transfer benefits. Thus, for example, except as otherwise provided in this section, an employer who maintains a money purchase pension plan that provides for a single sum optional form of benefit may not establish another plan that does not provide for this optional form of benefit and transfer participants' account balances to such new plan."

53.     This plan amendment adopted by DHL violates the anti-cutback rule requirements of ERISA and Plaintiffs' ERISA rights.

54.     Plaintiffs bring this cause of action for and request relief in the form of an order declaring that Plaintiffs are entitled to receive full unreduced monthly annuities under the Benefit Formula from the DHL Pension Plan and that DHL's elimination of the right they had to elect this optional form(s) of benefit, and Defendants' past, present and future denials of their claims for these benefits, violated and violates the anti-cutback provisions of 29 U.S.C. 1054 of ERISA and is illegal and cannot be applied to Plaintiffs and that Defendants must pay Plaintiffs said unreduced monthly annuity from the DHL Pension Plan where applicable retroactive to when they applied for said pension benefits.

55.     Plaintiffs also request, where applicable, relief in the form of back payment of their benefits improperly withheld, an injunction and preliminary injunction against Defendants'

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

reduction of their pension benefits under the DHL Pension Plan, reasonable attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and for such other relief as the court may deem equitable and just.

## SECOND CAUSE OF ACTION
### Claim for Appropriate Equitable Relief
### Under 29 U.S.C 1132(a)(3), 29 U.S.C. 1133, and ERISA Section 502(a)(3)

56.     Plaintiffs repeat and reallege each and every allegation and fact in Paragraph 1 through Paragraph 55 hereinabove as if fully set forth herein.

57.     Defendant DHL is the plan sponsor that adopted the unlawful pension plan amendment, which resulted in the decreased pension benefits for Plaintiffs, giving rise to this lawsuit, and DHL has unjustly benefitted financially from this unlawful amendment through reduced contributions made to the DHL Pension Plan that would have been needed to fully fund Plaintiffs' pension benefits.

58.     The DHL Pension Plan is the legal entity that has unlawfully deprived Plaintiffs of their full pension benefits.

59.     Defendant Pension Plan Committee is a fiduciary of the DHL Pension Plan under 29 U.S.C. § 1002 (21)(A) because during the relevant time period Defendant, as Plan administrator and fiduciary, exercised discretionary authority and control respecting the management of the DHL Pension Plan and the disposition of its assets and discretionary authority

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

or responsibility in the administration of the DHL Pension Plan.

60.     29 U.S.C. § 1132(a)(3) permits a participant or beneficiary such as Plaintiffs to

bring suit "(A) to enjoin any act or practice violating any provision of [ERISA] or the terms of

the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations [of

ERISA] or (ii) to enforce any provisions of [ERISA] or the terms of the plan."

61.     Defendant Pension Plan Committee had a fiduciary obligation under ERISA to

interpret the DHL Plans in conformance with applicable ERISA law that made ineffective the

illegal plan amendments that eliminated the optional form(s) of benefit claimed by Plaintiffs and

which elimination violated 29 U.S.C. 1054(g) and Internal Revenue Code Section 411(d)(6).

62.     All of the Defendants had and have a legal obligation under ERISA to ensure that

Plaintiffs receive the full pension benefits to which they are entitled under the Benefit Formula

and all of Defendants breached their duty to do so by their affirmative acts set forth in this

Complaint.

63.     Defendant Pension Plan Committee had and have a fiduciary duty to grant

Plaintiffs' claims for benefits by interpreting the plan documents in accordance with ERISA and

it breached and continues to breach that fiduciary duty under ERISA by instead denying their

claims for these benefits and denying their future and past entitlements to receive their full

pension benefits prescribed under the Benefit Formula.

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

64.     Defendants' refusal to pay Plaintiffs' full pension benefits and Defendant DHL's amendment of the relevant Airborne Pension Plan and DHL Pension Plan in violation of ERISA constitute breaches of Defendants' obligations under ERISA owed to Plaintiffs  and of their duty to comply with ERISA and the ERISA anti-cutback law.

65.     Defendant Pension Plan Committee violated their duty under 29 U.S.C. 1104(a)(1)(D) to administer the Plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter [which includes the 29 U.S.C. 1054(g) ERISA anti-cutback provisions here violated]" and the other Defendants were fully culpable participants and facilitators in this unjust and illegal action.

66.     The aforesaid actions by Defendant Pension Plan Committee, which unlawful actions the other Defendants facilitated, promoted and were active participants in,  also violated their fiduciary duties owed to Plaintiffs under 29 U.S.C. 1104(a)(1)(A) and (B) to "discharge" their "duties with respect to [the Plan] solely in the interest of participants and beneficiaries and–(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and . . . (B)with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ."

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

67.     All of the Defendants are liable and obligated under the equitable provisions of ERISA, expressed herein, whether under an equitable theory of surcharge, reformation and/or another pre-existing or judicially created or to be created equitable theory, consistent with the broad equitable powers created by ERISA to redress any and all such violations of law, to make the Plaintiffs whole and to ensure that they receive the full Benefit Formula pensions to which they are entitled..

68.     As a result of the above stated ERISA violations and breaches of fiduciary and other duties under ERISA, Plaintiffs have suffered, and/or will suffer, as the case may be, the illegal loss of a substantial portion of their Benefit Formula pension benefits under the DHL Pension Plan (formerly the Airborne Pension Plan).

69.     Plaintiffs have incurred substantial attorneys' fees and costs in bringing this suit, and Plaintiffs have suffered the aforesaid legal wrongs to their rights under ERISA.

70.     Plaintiffs have brought this action under ERISA to recover their DHL Pension Plan benefits, to determine the exact amount of their benefits, to set aside the partial denial of their benefits, to redress Defendants' breaches of fiduciary duty and other obligations under ERISA, to enforce the above stated ERISA provisions, and to receive appropriate damages and injunctive, declaratory and other relief as set forth above under ERISA from Defendants, resulting from Defendants' breaches of duty.

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

71.    Plaintiffs also have brought this action under ERISA Section 502(g) (29 U.S.C. 1132(g)) to recover reasonable attorneys' fees and costs of bringing this action and request any other equitable, declaratory, or injunctive relief the Court deems appropriate.

**THIRD CAUSE OF ACTION**
**ERISA: Injunctive and Declaratory Relief Pursuant to 28 U.S.C. § 2201 and ERISA § 502(a), 29 U.S.C. § 1132(a)**

72.    Plaintiffs repeat and reallege each and every allegation and fact in paragraphs 1 through 71 hereinabove as if fully set forth and incorporated herein.

73.    This claim is brought under 28 U.S.C. § 2201 and ERISA § 502(a), 29 U.S.C. § 1132(a).

74.    An actual controversy exists between the parties in that Plaintiffs contend that their pension and retirement benefits should be paid to them in unreduced form in accordance with the Benefit Formula and Defendants contend that Plaintiffs must receive pension and retirement benefits in reduced form pursuant to a reduced formula and much less favorable actuarial assumptions calculated under the DHL Pension Plan as revised by the illegal plan amendment.  Plaintiffs contend that they are entitled to elect an optional form of benefit, distribution of the full amount of the annuity under the Benefit Formula, in existence on and prior to said plan amendment, which plan amendment Plaintiffs claim is illegal and unenforceable and Defendants claim that Plaintiffs are no longer entitled to exercise that optional

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

form(s) of benefit and, as a result, Defendants claim that Plaintiffs' total benefits have been lawfully reduced or eliminated under the DHL Pension Plan.

75.     Plaintiffs are entitled to injunctive and declaratory relief in the form of an order: (a) that Plaintiffs and their spouses and other beneficiaries  are entitled to receive in an unreduced form the pension benefits guaranteed under the DHL Pension Plan and Airborne Pension Plan in accordance with the Benefit Formula ; and (b) ordering Defendants to restore and begin, when applicable, paying Plaintiffs' benefits to what they would have been entitled under the Airborne Pension Plan Benefit Formula prior to its improper amendment and merger into the DHL Pension Plan and Defendants' interpretations thereof.  Plaintiffs also request that the court award Plaintiffs reasonable attorneys fees and costs pursuant to 29 U.S.C. § 1132(g) and any such other relief the court may deem equitable and just.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants on all causes of action as follows:

1.     That the Court order Defendants to pay Plaintiffs, when applicable under the plan, the full amount of the unreduced pension under the Airborne Pension Plan Benefit Formula to which they would have been entitled under the optional form(s) of benefit illegally eliminated by Defendant DHL;

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

23

2.      Plaintiffs pray this Court order Defendants to pay the pension installments owing to Plaintiffs, where applicable, retroactive to the date they should have commenced and prospectively beginning as soon as practicable following the date judgment is entered on their behalf.

3.      That this Court permanently enjoin Defendants from reducing Plaintiffs' pension and retirement benefits from the level provided under the Airborne Pension Plan Benefit Formula prior to its illegal amendment by Defendant DHL.

4.      That this Court provide Plaintiffs with a declaratory judgment stating that Plaintiffs have vested retirement benefits to be provided by Defendants unreduced from the monthly amount calculated under the Airborne Pension Plan Benefit Formula to which they were entitled under the optional form(s) of benefit in existence prior to the illegal amendment of that plan by Defendant DHL  as of the intended commencement of benefits date for each Plaintiff.

5.      Plaintiffs pray this Court order Defendants to pay Plaintiffs' attorney's fees under 29 U.S.C. 1132(g) and costs of bringing this action.

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

24

6.    Plaintiffs also pray that this Court grant them any other relief the Court deems just and proper.

Respectfully submitted on this 14th day of March, 2012  by:

s/Robert S. Catapano-Friedman
Robert S. Catapano-Friedman
BBO #: 078980
Attorney for Plaintiffs
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110
(617) 542-7711 (phone)
(617)542-7712 (fax)
catapan@inbox.com
pro hac vice admission to be applied for

s/Michael E. Withey
Michael E. Withey
WSBA #4787
The Law Offices of Michael Withey
601 Union Street
Suite 4200
Seattle, WA 98101
(206) 405-1800 (phone)
Mike@witheylaw.com

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of the federal Rules of Civil Procedure, the Court is advised that Robert S. Catapano-Friedman, Esq. and Mike Withey are hereby designated as trial counsel.

Dated: **March 14, 2012**

By: **s/Robert S. Catapano-Friedman**
**Robert S. Catapano-Friedman**
**Admission Pro Hac Vice to Be Applied For**

By: **s/Michael E. Withey**
**Michael E. Withey**

## CERTIFICATION

I hereby certify that the matters in controversy herein are not the subject of any other action pending in any Court or of a pending arbitration proceeding. I further certify that no other action or arbitration proceeding is presently contemplated.

Dated: **March 12, 2012**

By: **s/Michael E. Withey**
**Michael E. Withey**

COMPLAINT

LAW OFFICES OF MICHAEL WITHEY
601 Union Street, Suite 4200
Seattle, Washington 98101
206-405-1800

26

# UNITED STATES DISTRICT COURT
## for the WESTERN DISTRICT OF WASHINGTON

**RANDAL ANDERSEN, ET AL.**

                             **Plaintiffs,**

**v.**

**DHL Retirement Pension Plan,
DPWN Holdings (USA), Inc., and the DHL
Retirement Pension Plan Committee, a/k/a
the Employee Benefits Pension Plan
Committee of DPWN Holdings (USA), Inc.,**

                             **Defendants.**

**Civil Action No.**

**COMPLAINT**

## EXHIBIT "A"

1. Randal Anderson
2. Quin Arnold
3. Colbert Arter
4. James Dewey Ashby, Jr.
5. Lynn Batayola
6. Carol Blankfield
7. Sharon Ann Braun (a/k/a Sharon Ann Sanders)
8. David Brent
9. Jacqueline Brown
10. Randy Buchanan
11. Loretta Buckholz
12. Robert Cassidy
13. Thomas Clark
14. Tracy Clark
15. Laura Cochrane
16. Patrick Curry
17. Wallace Danielson
18. Kristen DeLara
19. Sharon Denison
20. William Denton
21. Joseph DiNicola

1

22. Barbara Dreisow
23. The Estate of Brenda Dreisow
24. Jyl Eidemiller
25. Elaine Ellison
26. Lynn Epstein
27. Elizabeth Fields
28. Robert Forst
29. Craig Funcke
30. Thomas Gladis
31. Steven Hall
32. Gerard Hempstead
33. Richard Hobt
34. Judith Kennedy
35. Jacqueline Klees
36. Jennifer Krause
37. Gloria MacInnis
38. Deborah Mahanay
39. Carol Maness
40. Diane McCarty
41. June McGarvey
42. Meegan Moustakas
43. Mark Neils
44. Diane Ormston
45. Linda Patchell
46. Gloria Prince
47. Lynn Ramsey
48. Carol Rudisuhle
49. Robert Severini
50. Ernest Sharpe
51. Michael Shea
52. Pamela Spring
53. Anthony Thomas
54. Douglas Thomas
55. Pamela Jean Thomas
56. John Vogler
57. Michael Ward
58. Rob Wilder
59. Steven Williams
60. Leslie Willman
61. Joanne Wind
62. Debra Ann Winter
63. Nancy Wright
64. Delois Wyatt
65. Roxanna Zaborac