UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDAL ANDERSEN, et. al. | CASE NO. C12-439 MJP |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| DHL RETIREMENT PENSION PLAN, et. al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim. (Dkt. No. 23.) This case involves claims for benefits under two retirement plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs are former Airborne Express, Inc. ("Airborne") employees, who claim a 2004 plan amendment to the pension plan, violated ERISA's anti-cut back law by eliminating their right to transfer between a defined benefits plan and defined contribution, thus reducing their monthly annuity pensions. Defendants, the ERISA plans, move to dismiss, arguing a Department of Treasury regulation specifically permits the amendment. Having reviewed the motion, Plaintiffs' response (Dkt. No.

27), Defendants' reply (Dkt. No. 27), all related filings, and having heard oral argument, the Court GRANTS the motion.

## Background

Plaintiffs worked for Airborne in 2003, when the company was acquired by DHL Holdings (USA), Inc., now called DPWN Holdings (USA), Inc. ("DHL"). During their employment at Airborne, Plaintiffs had participated in the Airborne Retirement Income Plan ("RIP") and Profit Sharing Plan ("PSP"). The RIP was a defined benefit plan with a floor-offset feature. The benefit formula was based on a participant's years of service and final average compensation, with an offset for any benefits earned under the PSP.

The PSP was an individual-account defined contribution plan. Under the PSP, a retiree would receive the amount he contributed over the years modified by any gains or losses on the investments in the account. Under both the RIP and the PSP, a participant could elect to receive his benefits as a single life annuity or as a lump sum. Before the 2004 amendment, the RIP contained a provision allowing its receipt of a transfer of the PSP's account balance.

After DHL acquired Airborne, it made changes to the retirement plan. On December 31, 2004, DHL merged the PSP into the DHL equivalent, the DHL Retirement Savings Plan. It also eliminated the right of participants to transfer their DHL Retirement Savings Plan balance to the RIP, effective January 1, 2005. In 2006, DHL merged the RIP into the DHL equivalent, the DHL Retirement Pension Plan ("Pension Plan").

On March 14, 2012, Plaintiffs brought this suit against DPWN Holdings (USA), Inc., DHL Retirement Pension Plan, and the DHL Retirement Pension Plan Committee, raising claims for denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Count I); breach of fiduciary duty under ERISA §502(a)(2), 1132(a)(Count II); and injunctive and declaratory

relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) (Count III). (Dkt. No. 1.) On July 23, 2012, Defendants filed a motion to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). (Dkt. No. 23.)

**Analysis**

A. Legal Standard

When considering motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences there from in favor of the plaintiff." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 663 (9th Cir. 1998). Facts alleged in the complaint are assumed to be true. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1030 n. 1 (9th Cir. 2002). The issue to be resolved on a motion to dismiss is whether the plaintiff is entitled to continue the lawsuit to establish the facts alleged, not whether the plaintiff is likely to succeed on the merits. See Marksman Partners L.P. v. Chantal Pharm. Corp., 927 F.Supp. 1297, 1304 (C.D.Cal. 1996).

A complaint must provide more than a formulaic recitation of the elements of a cause of action and must assert facts that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Ninth Circuit has summarized Twombly's plausibility standard to require that a complaint's "nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 677.

B. Anti-cutback provision

The Supreme Court has recognized that "[t]here is no doubt about the centrality of

ERISA's object of protecting employees' justified expectations of receiving the benefits their employers promise them." Cent. Laborers' Pension Fund v. Heinz, 541 U.S. 739, 742 (2004). This object is made explicit in the provision known as the statute's "anti-cutback rule," which provides in relevant part:

> (1) The accrued benefit of a participant under a plan may not be decreased by an amendment of the plan, other than an amendment described in section 1082(d)(2) or 1441 of this title.
> (2) For purposes of paragraph (1), a plan amendment which has the effect of-
> (A) eliminating or reducing an early retirement benefit or a retirement-type subsidy (as defined in regulations), or
> (B) eliminating an optional form of benefit, with respect to benefits attributable to service before the amendment shall be treated as reducing accrued benefits.

ERISA § 204(g), 29 U.S.C. § 1054(g).  The Internal Revenue Code contains a duplicate provision, conditioning the eligibility of pension plans for tax breaks on compliance with the anti-cutback rule. 26 U.S.C. § 411(d)(6); Cent. Laborer's Pension Fund, 541 U.S. at 746.

Plaintiffs' core claim is that Defendants violated ERISA's anti-cutback provision by eliminating the right of plan participants to transfer funds from the PSP to the RIP.  Defendants argue the claim fails as a matter of law, because the elimination of the transfer option is explicitly permitted by Department of Treasury Regulations, which directly address the transfer rights at issue in this case.

  i. Treasury Regulations

The Secretary of the Treasury has ultimate authority to interpret the overlapping anti-cutback provisions of ERISA and the Internal Revenue Code. See Cent. Laborer's Pension Fund, 541 U.S. at 746-47 (citing Reorganization Plan No. 4 of 1978, § 101, 43 Fed.Reg. 47713 (1978), 92 Stat. 3790).  Under that authority, the IRS has promulgated a regulation that directly addresses the transfer right at the center of this case: "Provisions for transfer of benefits between and among defined contribution plans and defined benefit plans. A plan may be amended to

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 4

eliminate provisions permitting the transfer of benefits between and among defined contribution plans and defined benefit plans." 26 C.F.R. § 1.411(d)-4, Q & A-2(b)(2)(viii).  The intersection of ERISA's anti-cutback provisions and the Treasury regulation, 26 C.F.R. § 1.411(d)-4, is an issue of first impression in this circuit.

The First Circuit in <u>Tasker v. DHL</u>, 621 F.3d 34 (1st Cir. 2010), in reviewing <u>identical</u> claims as those asserted here and the <u>identical</u> 2004 plan amendment as the one challenged here, held the unambiguous language of the Treasury regulation allowed the defendants to eliminate the transfer option.  The Court explained, "[i]ncluded in the compendium of relevant Treasury Department regulations [26 C.F.R. § 1.411(d)-4] is a clear grant of safe passage for plan amendments that eliminate transfer options (even when the elimination may have the incidental effect of reducing benefits)."  <u>Tasker</u>, 621 F.3d at 39.  Applying the Treasury regulation to the challenged plan amendment, the Court held:

> In this instance, both the profit-sharing plan and the retirement plan were "amended to eliminate provisions permitting the transfer of benefits" from one plan to the other. At first blush, then, resolving this case seemingly requires only that we travel the path that the Secretary already has beaten. The question posed here directly tracks Q–2 of the regulation: did the defendants violate the anti-cutback rule, ERISA § 204(g), by eliminating the transfer option, when that elimination had the incidental effect of significantly lowering the plaintiff's projected benefit? The answer, a clear "no," directly tracks the teachings of A–2: "[a] plan may be amended to eliminate provisions permitting the transfer of benefits between and among ... plans," even if that elimination reduces an accrued (but unclaimed) benefit. <u>Accordingly, as the district court recognized, the regulation insulates the challenged plan amendments from the anti-cutback rule.</u>

<u>Id.</u> at 40 (emphasis added).

Tasker's reasoning is persuasive.  This Court finds the Treasury regulation means exactly what it says: a plan may be amended to eliminate the right to transfer funds between plan accounts.  Therefore, the 2004 plan amendment did not violate ERISA's anti-cutback provisions, even if eliminating the transfer option reduced an accrued (but unclaimed) benefit.  <u>Foley-</u>

Wismer Becker v. NLRB, 682 F.2d 770, 775 (9th Cir. 1982)(where the Ninth Circuit has not reached the issue, as is the case here, decisions from other circuits should be given "great weight and precedential value.")

### ii. Reduction of an "Accrued Benefit"

Plaintiffs argue that Tasker is wrongly decided, because the regulation allows the elimination of the right to transfer funds, but only so long as such an amendment does not reduce the monthly annuity benefit. Plaintiffs are mistaken.

The structure and text of the Treasury regulation plainly permits elimination of the transfer option, even if it has the incidental effect of reducing benefits. First, the regulation asks, "to what extent may section 411(d)(6) benefits be reduced or eliminated?" 26 C.F.R. §4.11(d)-4, A-2(b)(2)(viii) (emphasis added). The regulation answers:

> Provisions for the transfer of benefits between and among defined contribution plans and defined benefit plans of the employer. A plan may be amended to eliminate provisions permitting the transfer of benefits between and among defined contribution plans and defined benefit plans.

Id. Together, these provisions can only logically be read to mean the regulation allowing the elimination of the ability to transfer funds contemplates that such a transfer may reduce or eliminate protected benefits. As the Tasker Court explained, in addressing this identical argument:

> The plaintiff's suggestion that this earlier language [26 C.F.R. §1.411(d)-4, Q & A A-2(b)(1)] somehow derails a straightforward application of the transfer option exception…Section 1.411(d)–4, Q & A−2(b)(2)(viii) asks and answers the precise question on which the plaintiff's claim turns. It states unambiguously that transfer options may be eliminated even if such an action reduces a section 411(d)(6) benefit.

Tasker, 621 F.3d at 41. And, in addressing the other ERISA regulations cited by Tasker, many of the same regulations Plaintiffs refer to, the First Circuit noted:

> The plaintiff's indignation is understandable, but his reliance on the cited regulations is misplaced. They merely recapitulate the anti-cutback rule, illustrating its application to plan mergers, transfers, and amendments. They do not deal, directly or inferentially, with the transfer option exception. To construe these general regulations to override a separate, highly specific regulation that clearly and unambiguously permits the elimination of a transfer option even when that elimination would have the incidental effect of reducing an accrued benefit would turn the regulatory scheme on its head. "It is a conventional canon of legal interpretation that specific provisions trump more general ones," Harry C. Crooker & Sons, Inc. v. OSHRC, 537 F.3d 79, 84 (1st Cir. 2008), and that canon applies here.

Id. at 43. Like Tasker, this Court finds no reason to depart from a straightforward reading of the Treasury regulation. Section 1.411(d)-4, Q&A-2(b)(2)(viii) addresses the precise question on which Plaintiffs' claims turn. It governs the outcome of this case. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992) ("[I]t is a commonplace of statutory construction that the specific governs the general").

Plaintiffs also cite Allen v. Honeywell Retirement Earnings Plan, 382 F. Supp. 2d 1139 (D. Ariz. 2005), to support their theory that any reduction in benefits is impermissible. But, Allen did not address the elimination of options at issue here. Instead, it addressed a wholly separate issue: amendments to the actuarial formula in two plans subject to a floor offset arrangement. It did not contemplate the Treasury regulation, 26 C.F.R. § 1.411(d)-4, Q & A-2(b)(2)(viii), which plainly give safe harbor to plan amendments eliminating transfer options. Nonetheless, attempt to Plaintiffs shoe-horn the holding of Allen onto the facts of this case by arguing the plan amendment had the effect of reducing more favorable actuarial assumptions. Plaintiffs' contention is not supported by the record before this Court because the 2004 amendment did not modify the actuarial assumptions of either the PSP or the RIP.

Because the Treasury regulation explicitly permitted Defendants to eliminate the transfer option, Plaintiffs have failed as a matter of law to state viable claim under ERISA's anti-cutback provision. This Court DISMISSES Count I.

C. Remainder of the Case

Plaintiff's two remaining claims also derive from their anti-cutback claim. Because, Defendants lawfully eliminated the transfer option under the Treasury regulation, these claims are also resolved. Count II and III are DISMISSED.

**Conclusion**

Because the Treasury regulation, 26 C.F.R. § 1.411(d)-4, Q & A-2(b)(2)(viii), insulates the 2004 plan amendment from the anti-cutback rule, Plaintiffs fail to allege a viable ERISA claim. Consequently, the Court GRANTS Defendants' motion to dismiss for failure to state a claim (Dkt. No. 23) and dismisses all three of Plaintiffs' claims with prejudice. The clerk is ordered to provide copies of this order to all counsel.

Dated this 2nd day of November, 2012.

Marsha J. Pechman
Chief United States District Judge